# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| ARTHUR A. RUGE, ) | |
| ) | Case No. 3:13-cv-00448 |
| Plaintiff, ) | Senior Judge William J. Haynes, Jr. |
| ) | Magistrate Judge Joe Brown |
| v. ) | |
| ) | Jury Trial Demanded |
| ) | |
| THE BAILEY COMPANY, INC., ) | |
| d/b/a THE BAILEY COMPANY, INC. ) | |
| OF DELAWARE ) | |
| ) | |
| Defendant. ) | |

**To: The Honorable William J. Haynes, Jr., Senior United States District Judge**

## REPORT AND RECOMMENDATION

Before the court is Defendant's third Motion to Dismiss. (Docket Entry 34). For the reasons explained below, the Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss (Docket Entry 34) be **GRANTED** and that this action be **DISMISSED** with prejudice.

### I. Introduction

Plaintiff filed his Complaint on May 13, 2013, claiming that he was injured while operating a forklift at his workplace on May 14, 2010. (Docket Entry 1). Defendant filed its first Motion to Dismiss (Docket Entry 15) which was denied as moot due to Plaintiff's filing of an Amended Complaint. (Docket Entry 25; 27). Defendant's second Motion to Dismiss was "denied without prejudice to renew with authorities analyzing Tennessee's choice of law principles under the alleged facts of this action." (Docket Entry 26; 33). Defendant filed its Renewed Motion to Dismiss Plaintiff's Amended Complaint ("Motion"), to which Plaintiff filed his Response. (Docket Entry 34; 38). On January 12, 2015, the District Judge referred this action to the Magistrate Judge. (Docket Entry 40). Therefore, this matter is properly before the Court.

## II. Legal Standard

Federal Rule of Civil Procedure (FED. R. CIV. P.) 12(b)(6) governs motions to dismiss for failure to state a claim. "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . ." *Bell Atl. Corp.*, 550 U.S. at 556. The Court "must . . . view the complaint in the light most favorable to the plaintiff . . . ." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

A complaint will survive a motion to dismiss if it includes: (1) facts to support a plausible claim; (2) more than a recital of elements of a cause of action; and (3) facts that, taken as true, raise the right to relief above the level of speculation. *Bell Atl. Corp.*, 550 U.S. 544 at 555; 570. Moreover, the General Rules of Pleading, FED. R. CIV. P. 8(a)(2), "require[] only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Tackett*, 561 F.3d at 488 (citation omitted).

## III. Analysis

### A. Choice of Law

The parties dispute which law applies to this diversity case; the law of the forum state of Tennessee or the law of Florida where the injury occurred. (Docket Entry 34; 38). They dispute which substantive law as well as which procedural law applies. (Docket Entry 34; 38).

The general rule in the Sixth Circuit is that "[i]n deciding what substantive law applies, [the Court] must first look to the forum state's choice of law statute . . . . However, [the Court] must apply the procedural law, including statutes of limitations, of the forum state . . . ." *Mackey v. Judy's Foods, Inc.,* 867 F.2d 325, 328 (6th Cir. 1989) (citation omitted). There is an exception to this general rule:

> Another state's statute of limitations must be applied by the trial forum if the statute of limitations not only limits the remedy, but also affects the substantive right . . . . Such a statute of limitations is considered substantive if it is built into the same statute that creates the cause of action.

*Harper v. Brinke,* No. 3:06-CV-412, 2009 WL 26693, at *2 (E.D. Tenn. Jan. 5, 2009) (citation omitted). For example, in *Harper v. Brinke*, the cause of action arose in Alaska and the Alaska statute that created the plaintiff's cause of action provided a particular statute of limitations. *Harper,* No. 3:06-CV-412, 2009 WL 26693, at *1-2. Therefore, the Court found that "under Tennessee's choice-of-law rules, the [Alaska statute's] statute of limitations is 'substantive' since it is 'built into the same statute that creates the cause of action' " and the Court applied the Alaska statute of limitations. *Harper,* No. 3:06-CV-412, 2009 WL 26693, at *2 (citing *Mackey v. Judy's Foods, Inc.*, 654 F. Supp. 1465, 1479 (M.D. Tenn. 1987) *aff'd,* 867 F.2d 325 (6th Cir. 1989)).

Here, Tennessee procedural law, including statutes of limitations, applies here unless there is a Florida statute that creates a cause of action for Plaintiff and includes a "built in" statute of limitations. The Magistrate Judge is unable to find any citation to a Florida statute in Plaintiff's Amended Complaint. In his Response to the instant Motion, Plaintiff relies on *Hataway v. McKinley*, in which the Tennessee Supreme Court adopted the "most significant relationship" test for determining which state's substantive law applies. (Docket Entry 38, p. 2) (citing *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992)). Plaintiff argues that Florida has

the more significant relationship to this action, that the Court should apply Florida substantive law, and that Florida treats statutes of limitations as substantive law. (Docket Entry 38, p. 2). However, this argument puts the cart (what substantive law applies) before the horse (the forum state's choice of law). *See Davis v. Sears, Roebuck & Co.,* 873 F.2d 888, 892 (6th Cir. 1989) (citation omitted) ("Under the *Erie* doctrine, *Erie RR Co. v. Tompkins,* 304 U.S. 64 (1938), a federal court in a diversity case applies the law of the state in which it sits, including that state's choice of law provisions.").

Again, under Tennessee choice of law rules, Federal District Courts sitting in diversity apply Tennessee statutes of limitations unless there is an exception. If there is a statute that would provide the grounds for such an exception, Plaintiff has failed to plead as such. In his Response, he cites a Florida statute that covers statutes of limitations for, inter alia, actions in negligence, personal injury, and contracts. (Docket Entry 38, p. 3) (citing FLA. STAT. § 95.11). However, this statute does not meet the requirements for an exception because it does not create a cause of action. Therefore, Tennessee statutes of limitations will apply here.

### B. Statutes of Limitations, Accrual and the Discovery Rule

The parties dispute whether the applicable statutes of limitations render the claims time-barred or whether the "Discovery Rule" applies and bars dismissal. (Docket Entry 34; 38).

"A defense predicated on the statute of limitations triggers the consideration of three components—the length of the limitations period, the accrual of the cause of action, and the applicability of any relevant tolling doctrines. All of these elements are inter-related and, therefore, should not be considered in isolation." *Redwing v. Catholic Bishop for Diocese of Memphis,* 363 S.W.3d 436, 456 (Tenn. 2012) (citation omitted).

### i. Statutes of Limitations and Accrual

In Tennessee, personal injury claims are subject to TENN. CODE ANN. § 28–3–104(a)(1), which imposes a one year statute of limitations from the time that the action accrues. "A personal injury cause of action accrues when the plaintiff knows, or in the exercise of reasonable care and diligence should know, that an injury has been sustained." *Wyatt v. A-Best, Co.,* 910 S.W.2d 851, 854 (Tenn. 1995) (citation omitted).

The Tennessee Product Liability Act (TPLA) applies to product liability claims in Tennessee and incorporates the one year statute of limitations for personal injury actions found in § 28-3-104(a). TENN. CODE ANN. § 29-28-103; *Ray by Holman v. BIC Corp.*, 925 S.W.2d 527, 529 (Tenn. 1996). The cause of action "shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product . . . ." TENN. CODE ANN. § 28-3-104(b)(1).

Breach of warranty claims are subject to TENN. CODE ANN. § 47-2-725, which imposes a four year statute of limitations after the cause of action accrues.

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

TENN. CODE ANN. § 47-2-725(2).

### ii. The Discovery Rule

Traditionally, once a statute of limitations started to run, it did not stop. *Redwing*, 363 S.W.3d at 457-58 (citation omitted). However, in 1974, the Supreme Court of Tennessee adopted the "Discovery Rule," under which " 'the cause of action accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury.' " *Redwing*, 363

S.W.3d at 458 (citing *Teeters v. Currey*, 518 S.W.2d 512, 517 (Tenn. 1974)). Although the Court expressly limited the holding to surgical malpractice cases, "[t]he Court later expanded the application of the discovery rule to many other injuries to persons or property." *Redwing*, 363 S.W.3d at 458 (citation omitted). The Discovery Rule now applies to tort actions. *Potts v. Celotex Corp.,* 796 S.W.2d 678, 680 (Tenn. 1990). The Discovery Rule has not been applied to breach of warranty actions. *Goot v. Metro. Gov't of Nashville & Davidson Cnty.,* No. M200302013COAR3CV, 2005 WL 3031638, at *10 (Tenn. Ct. App. Nov. 9, 2005) (citation omitted).

The Court has since held that "under the [D]iscovery [R]ule, the statute [of limitations] begins to run when the plaintiff knows or in the exercise of reasonable care and diligence should know, that an injury has been sustained." *Stanbury v. Bacardi*, 953 S.W.2d 671, 678 (Tenn. 1997). Moreover, "[i]t is knowledge of facts sufficient to put a plaintiff on notice that *an* injury has been sustained which is crucial . . . [A] plaintiff need not actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a right of action." *Stanbury,* 953 S.W.2d at 678 (citation and internal quotation omitted). "[A] plaintiff need not actually know the specific type of legal claim he or she has so long as the plaintiff is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Stanbury,* 953 S.W.2d at 678 (citation and internal quotation omitted).

The Court clarified that a plaintiff's knowledge which would start the statute of limitations "includes not only an awareness of the injury, but also the tortious origin or wrongful nature of that injury." *Shadrick v. Coker,* 963 S.W.2d 726, 734 (Tenn. 1998) (citing *Hathaway v. Middle Tennessee Anesthesiology, P.C.,* 724 S.W.2d 355, 359 (Tenn.App.1986)).

In *Shadrick v. Coker*, the plaintiff underwent back surgery which included surgically implanted instrumentation. *Shadrick,* 963 S.W.2d at 728. He had subsequent problems and did not bring an action against the surgeon for several years. *Shadrick,* 963 S.W.2d at 734. However, the Court was not persuaded that the facts would "compel a reasonable person to conclude that [the plaintiff] knew or reasonably should have known that his problems were the result of wrongful or tortious conduct on the part [the defendant]." *Shadrick,* 963 S.W.2d at 734. The Court considered the Discovery Rule and held that a jury could find that the plaintiff "had no reason to suspect that he had sustained an injury resulting from [the surgeon's] wrongful or tortious conduct" until he learned that the instrumentation was experimental. *Shadrick,* 963 S.W.2d at 735.

In *Hathaway v. Middle Tennessee Anesthesiology, P.C.,* the plaintiff was the descendant of a man who died during surgery from anesthesia complications. *Hathaway v. Middle Tennessee Anesthesiology, P.C.,* 724 S.W.2d 355 (Tenn. Ct. App. 1986). The plaintiff brought the action after the applicable one year statute of limitations and argued that there was "no reason to believe that [the father's] death was caused by 'something that the doctors or hospital staff did to him during surgery' " until the plaintiff read a newspaper article in which the surgeon stated the cause of death. *Hathaway,* 724 S.W.2d at 356-57. The Court considered the Discovery Rule and held that when the resolution of whether an exception to the statute of limitations applies depends on whether the plaintiff exercised due diligence to "ascertain the pertinent facts within a year after the occurrence of the alleged tort," that issue is not properly decided on summary judgment. *Hathaway,* 724 S.W.2d at 360.

### IV. Application

#### i. Personal Injury and Product Liability

In the Amended Complaint, Plaintiff argues that "[o]n or around December 14, 2012, [Plaintiff] discovered, for the first time, Defendant had unlawfully altered the forklift . . . ." (Docket Entry 25, p. 2). In Plaintiff's Response to the instant Motion, this argument is placed in context when Plaintiff writes that he brought a previous action against Defendant in a Florida Federal Court as well as a separate and later action against the manufacturer of the forklift. (Docket Entry 38, p. 5). Plaintiff argues that:

> "[S]hortly after Plaintiff's lawsuit against Defendant in a Florida Federal court was dismissed for lack of personal jurisdiction on August 15, 2011, Plaintiff filed a lawsuit against the manufacturers of the Mitsubishi Forklift . . . . It was only after extensive discovery in [the] Florida Federal court lawsuit against the manufacturer that Plaintiff learned, on December 14, 2012, that the instant Defendant had modified the product."

(Docket Entry 38, p. 5). Plaintiff argues that before December 14, 2012, he "was not aware that Defendant breached a duty under Tennessee law, and thus under the Discovery Rule, the statute of limitations did not start to run until that date." (Docket Entry 38, p. 5).

Ultimately, it is apparent from the Amended Complaint and several filings of which the Magistrate Judge takes judicial notice, that the claims are time-barred. The Court will generally consider a complaint in isolation when ruling on a Motion to Dismiss. FED. R. CIV. P. 12(b)(6). However, the Court has discretion to take judicial notice of filings in prior proceedings. *Brown v. Matauszak,* 415 F. App'x 608, 614, n.7 (6th Cir. 2011) (unpublished opinion); *Scott v. Vanderbilt Mortgage & Fin., Inc.,* No. 3:07-0512, 2007 WL 2343681, at *1, n.1 (M.D. Tenn. Aug. 13, 2007) (citation omitted) ("The Court may take judicial notice of prior pleadings and proceedings when considering a motion to dismiss for failure to state a claim."). Here, the Magistrate Judge

considers the following pleadings and filings from the 2011 Florida District Court case against Defendant: the complaint, an affidavit, and the order of dismissal. (Docket Entry 34-1; 34-2).

According to the complaint in Plaintiff's 2011 Florida case against Defendant, Plaintiff brought the action for almost identical claims to the claims in the instant action. (Docket Entry 34-2). Plaintiff filed the Florida case on June 02, 2011. (Docket Entry 34-2). As an initial matter, the Tennessee one year statute of limitations for the May 10, 2010 injury had already run as of June 02, 2011. TENN. CODE ANN. § 28–3–104(a). Regardless of whether that played any part in the decision to bring the case in Florida, Plaintiff argues that he learned "for the first time" that Defendant had altered the forklift on December 14, 2012 during discovery in the separate and later case against the manufacturer. (Docket Entry 25, p. 2). Plaintiff argues that the statute of limitations "did not start to run until that date" of December 14, 2012. (Docket Entry 38, p. 5).

However, it is undisputed that Plaintiff's injury occurred on May 14, 2010. (Docket Entry 25, p. 2). Therefore, the statute of limitations for personal injury and product liability started to run on May 14, 2010, not on December 14, 2012. TENN. CODE ANN. §§ 28–3–104(a). Moreover, Plaintiff's 2011 case against Defendant shows that there is no issue as to Plaintiff's awareness of his injury or the purported "tortious origin or wrongful nature of that injury." *Shadrick,* 963 S.W.2d at 734 (citing *Hathaway,* 724 S.W.2d at 359).

Plaintiff is quite different from the plaintiff in *Shadrick v. Coker* who did not bring an action against the defendant until he had reason to suspect the defendant's wrongful conduct. When he did bring an action, the Court was able to consider the Discovery Rule because it was the first time when the question arose as to the plaintiff's knowledge about the defendant's conduct. Here, the difference is that Plaintiff brought a previous action against Defendant in 2011. It would have been in that 2011 case, had it been filed in or transferred to the proper

jurisdiction, that the Court could have considered the Discovery Rule. However, the Discovery Rule does not toll the statute of limitations here because the Discovery Rule "applies only in cases where the plaintiff does not discover and reasonably could not be expected to discover that he had a right of action." *Potts,* 796 S.W.2d at 680.

The Amended Complaint and the filings of which the Magistrate Judge takes judicial notice show that Plaintiff knew he had a right of action when he filed the 2011 Florida case. The Florida case shows that Plaintiff knew about his injury and had reason to suspect Defendant's wrongful conduct. Therefore, Plaintiff is also unlike the plaintiff in *Hathaway v. Middle Tennessee Anesthesiology, P.C.,* upon which Plaintiff relies. Again, it would have been in the 2011 Florida case where Plaintiff could have argued that he exercised due diligence in ascertaining the facts, as the plaintiff argued in *Hathaway v. Middle Tennessee Anesthesiology, P.C.*. Now, in Plaintiff's second case against Defendant, it is far too late for that argument.

Plaintiff also argues that he was not aware that Defendant breached a duty under Tennessee law until he conducted discovery in the case against the manufacturer. Even if this is presumed to be true, "a plaintiff need not actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a right of action . . . [and] need not actually know the specific type of legal claim he or she has . . . ." *Stanbury,* 953 S.W.2d at 678.

Therefore, the Magistrate Judge finds that Defendant's Motion to Dismiss as to the personal injury claim and the product liability claim should be **GRANTED**, and that these claims should be **DISMISSED**.

### ii. Breach of Implied Warranty

As discussed above, the Discovery Rule does not apply to the breach of implied warranty claim. Therefore, pursuant to TENN. CODE ANN. § 47-2-725, the four year statute of limitations

applies from the date of tender of the forklift unless there is an express warranty that extends to future performance of the goods. TENN. CODE ANN. § 47-2-725.

Here, Plaintiff does not mention the date of tender in his Complaint or Amended Complaint. (Docket Entry 1; 25). However, an affidavit submitted in the aforementioned 2011 Florida case indicates that tender occurred in August 2007. (Docket Entry 34-1, pp. 3; 5). The Plaintiff brought this action on May 13, 2013, well over four years later. (Docket Entry 1). Therefore, the four year statute of limitations bars the claim unless there was an express warranty. TENN. CODE ANN. § 47-2-725. Plaintiff fails to allege that any such express warranty exists.

Therefore, the Magistrate Judge finds that Defendant's Motion to Dismiss as to the breach of implied warranty claim should be **GRANTED**, and that this claim should be **DISMISSED**.

## V.    Recommendation

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss (Docket Entry 34) be **GRANTED** and that this action be **DISMISSED** with prejudice.

Under Federal Rule of Civil Procedure 72(b), any party has fourteen (14) days from service of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. FED. R. CIV. P. 72(b). Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report and Recommendation within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Report and Recommendation.

28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155, *reh'g denied*, 474 U.S. 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 15th day of May, 2015.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge