UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARTHUR A. RUGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3-13-0448 |
| v. ) | Senior Judge Haynes |
| ) | |
| THE BAILEY COMPANY, INC., d/b/a ) | |
| THE BAILEY COMPANY, INC. OF ) | |
| DELAWARE, ) | |
| ) | |
| Defendant. ) | |

# O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 41) to grant Defendant's renewed motion to dismiss (Docket Entry No. 34). Plaintiff filed an objection (Docket Entry No. 42) to which Defendant filed a response (Docket Entry No. 43).

In this diversity action involving Plaintiff's injury while operating a forklift in Florida, the Magistrate Judge concluded that the procedural and substantive law of the forum state of Tennessee governs this action. Thus, the Magistrate Judge applied the Tennessee Product Liability Act's ("TPLA") one year statute of limitations for Plaintiff's personal injury and product liability claims and Tenn. Code Ann. § 47-2-725's four year statute of limitations for Plaintiff's breach of implied warranty claim.

The Magistrate Judge concluded that the statute of limitations began on May 14, 2010, the date of Plaintiff's injury, not on December 14, 2012, as Plaintiff contends. Taking judicial notice that Plaintiff filed a previous action against Defendant in Florida in 2011, the Magistrate Judge concluded that Tennessee's discovery rule did not apply as the Florida action demonstrates that Plaintiff knew about his injury and had reason to suspect Defendant's wrongful conduct in the

Florida action where Plaintiff could have argued that he exercised due diligence in ascertaining the facts. Further, as to Plaintiff's contention that he was not aware that Defendant breached a duty under Tennessee law until he conducted discovery in the action against the manufacturer, the Magistrate Judge stated, "'a plaintiff need not actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a right of action . . . [and] need not actually know the specific type of legal claim he or she has . . . .'" (Docket Entry No. 41 at 10 quoting Stanbury v. Bacardi, 953 S.W.2d 671, 678 (Tenn. 1997)).

As to Plaintiff's breach of implied warranty claim, the Magistrate Judge, taking judicial notice of an affidavit submitted in the 2011 Florida action reflecting that tender of the forklift occurred in August 2007, concluded that the four year statute of limitations barred Plaintiff's claim.

In his objection, Plaintiff contends that under Tennessee law whether the discovery rule applies is a matter of fact for the jury to decide, not a judge on a dispositive motion. Plaintiff admits that he knew Defendant had custody of the forklift prior to the machine causing his injuries as reflected by his filing of the previous lawsuit in Florida, but argues that the Magistrate Judge disregarded that Plaintiff did not learn until after the manufacturer's disclosure on December 14, 2012 that Defendant modified the forklift and, by this modification, Defendant caused the forklift to become unreasonably dangerous, not the manufacturer. Thus, Plaintiff contends that the one year statute of limitations began to run on December 14, 2012, not on the date of injury, and that the jury should decide whether Plaintiff knew or should have known on or before December 14, 2012, that Defendant altered the forklift causing it to be unreasonably dangerous.

In response, Defendant contends that Plaintiff's objection does not present any new arguments, as Plaintiff continues to argue that the discovery rule applies to toll the statute of

limitations such that this action may be considered timely filed, that any invocation of the discovery rule means that the action must be submitted to a jury, and that Plaintiff did not know that Defendant allegedly modified the forklift is sufficient to invoke the application of the discovery rule.

Defendant contends that Plaintiff's argument that the invocation of the discovery rule presents a jury question is erroneous, citing decisions from the Sixth Circuit, this District and Tennessee state courts, dismissing actions on dispositive motions. See Schultz v. Davis, 495 F.3d 289 (6th Cir. 2007); Willis v. Wal-Mart Stores, Inc., 819 F. Supp. 2d 700, 703 (M.D. Tenn. 2011); Davis v. TIN, Inc., 2014 WL 345718 (M.D. Tenn. Jan. 30, 2014); Mills v. Booth, 344 S.W.3d 922 (Tenn. Ct. App. 2011). Defendant's contention is well taken.

Further, Plaintiff's reliance on Redwing v. Catholic Bishop for the Diocese of Memphis, 363 S.W.3d 436 (Tenn. 2012) and Doe v. Catholic Bishop for the Diocese of Memphis, 306 S.W.3d 712 (Tenn. Ct. App. 2008) is not helpful as this action involves a product liability claim and Plaintiff has not alleged fraudulent concealment. Doe and Redwing are clergy abuse cases filed brought by adult plaintiffs many years after they had turned eighteen and knew of their injuries by their alleged abuser upon turning eighteen. The Doe court found the plaintiff's complaint against the Diocese barred under the one-year statute of limitations as plaintiff, in the exercise of reasonable diligence, would have learned about his right of action against the Diocese for negligent supervision and retention of the alleged abuser upon the plaintiff turning eighteen. 306 S.W.3d at 730-31.

In Redwing, unlike in Doe, the plaintiff's complaint contained allegations that both the Roman Catholic Church and the Diocese knew, but covered up, the clergy's sexual abuse of minors and that the Diocese was aware that the alleged abuser sexually abused minors and misled the plaintiff and his family about its knowledge and involvement. 363 S.W.3d at 466. Thus, the court

3

determined that these allegations could provide a basis for a reasonable fact-finder to conclude that the plaintiff, lacking any basis for suspecting that the Diocese would deceive him, acted with reasonable diligence and that he should not be held to have known that the Diocese's conduct caused him injury and also to conclude that the Diocese fraudulently concealed its knowledge of and responsibility for the alleged abuser's conduct, thereby tolling the statute of limitations. Id. at 466-67.

Plaintiff's reliance on the medical malpractice cases, Foster v. Harris, 633 S.W.2d 304 (Tenn. 1982), Shadrick v. Coker, 963 S.W.2d 726 (Tenn. 1998) and Sherrill v Souder, 325 S.W.3d 584 (Tenn. 2010), is likewise unavailing. Foster and Shadrick involved the application of the discovery rule to toll the statute of limitations where the existence and the origin of the injury were hidden from the plaintiff. In Sherrill, the court remanded the case because the competence of the plaintiff was in question and that the statute of limitations could have been tolled under that theory, not on the basis of the discovery rule.

In this action, the record reflects that Plaintiff was aware on May 10, 2010, that he had a serious injury to his foot caused by one of the forks falling off the forklift and the product that caused his injury. See Schultz v. Davis, 495 F.3d 289 (6th Cir. 2007) (where plaintiff was injured when one hundred-twenty pounds of sheetrock fell on her leg and ankle while she was visiting a house under construction, causing immediate and apparent injury, and plaintiff did not file suit against the owner of the property until after the running of the statute of limitations, the Sixth Circuit stated that Tennessee's discovery rule did not apply because plaintiff "knew or was put on notice on [the date of injury] that she was injured as a result of allegedly wrongful or tortious conduct, although she may not have known the specific tortfeasors."); Willis v. Wal-Mart Stores, Inc., 819 F. Supp. 2d 700, 704

(M.D. Tenn. 2011) (where plaintiff was injured when a tree/deer stand broke and plaintiff did not file suit against the manufacturer until after the running of the statute of limitations, the district court, concluding that Tennessee's discovery rule did not apply, stated, "Absent fraudulent concealment or misrepresentation, neither of which is alleged here, the statute of limitations began to run on Plaintiffs' claims when Plaintiffs discovered their injury, not when Plaintiffs correctly identified the manufacturer of the product."); Gibson v. Lockwood Products Div. of J.L. Underwood, 724 S.W.2d 756 (Tenn. Ct. App. 1986).

After de novo review, the Report and Recommendation is **ADOPTED,** and Defendant's renewed motion to dismiss (Docket Entry No. 34) is **GRANTED**.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 1st day of July, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge